IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

BRYAN THOMAS BLEVINS, §
§
Petitioner, §
§
v. § 2:10-CV-0154
§
RICK THALER, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

On January 4, 2010,[1] in Cause No. 2:10-CV-0005, petitioner BRYAN THOMAS BLEVINS

filed with this Court a petition for a writ of habeas corpus challenging his 2008 state conviction for

the felony offense of aggravated sexual assault of a child. In his habeas application, petitioner

alleged his conviction was unconstitutional because:

1. Trial counsel was ineffective because counsel did not call witnesses in
   petitioner's favor;

2. Petitioner's confession was coerced because he was threatened and his
   statement was fabricated;

3. Two members of the jury panel were biased because they knew petitioner but
   denied knowing him; and

4. The evidence was insufficient to sustain the conviction because no DNA
   evidence was presented to show petitioner committed the offense.

Petitioner did not, however, allege further facts in support of any of his claims.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

On March 8, 2010, respondent filed an answer in Cause No. 2:10-CV-5. In his answer, respondent asserted petitioner's first three (3) grounds should be dismissed because they merely made conclusory assertions without any specific factual support. Respondent also asserted petitioner procedurally defaulted his insufficiency claim.

On March 23, 2010, petitioner drafted, and purportedly placed in the prison mailing system, another form petition for a federal writ of habeas corpus. The United States District Clerk received the form petition on July 1, 2010 and filed it under Cause No. 2:10-CV-0154. By this habeas application, petitioner again challenges his 2008 state conviction for aggravated sexual assault, the same conviction challenged in Cause No. 2:10-CV-0005. Petitioner's habeas application in this case reurges the first three (3) grounds raised in Cause No. 2:10-CV-0005, while omitting the insufficiency ground and asserting a new ground, *i.e.*, that the victim lied and could have been impeached with a prior statement and possibly an additional witness.

On July 2, 2010, the Court entered a Briefing Order instructing petitioner to advise why he filed a second petition for a writ of habeas corpus challenging the same conviction and sentence challenged in Cause No. 2:10-CV-0005. On July 14, 2010, the Court received petitioner's Response to the Briefing Order. Petitioner advises:

> In my first writ, I failed to be specific and I failed to elaborate. . . . I am filing my second writ and it gives specific facts and I have elaborated as to all evidences and witnesses that pertain to my grounds for relief.

The Court understands petitioner to say the second petition filed, 2:10-CV-0154, was not intended to be filed as a new application but, instead, was intended as either a reply to respondent's answer or as a supplemental petition in Cause No. 2:10-CV-0154. It is the opinion of the undersigned that the instant application, Cause No. 2:10-CV-0154, should be dismissed as duplicative.

However, by separate Order, the United States District Clerk will be instructed to file the

petition in this case, Cause No. 2:10-CV-0154, as a Supplemental Petition in Cause No. 2:10-CV-0005 and respondent shall be ordered to file an Amended Answer. It is noted petitioner's pleading will be filed as a Supplemental Petition in Cause No. 2:10-CV-0005 <u>after</u> the entry of respondent's answer. The undersigned liberally construes petitioner's filing of this pleading as a request for leave of Court to file a supplemental pleading and grants such leave. Respondent shall address the additional ground asserted in petitioner's supplemental pleading, *i.e.*, that the victim lied and could have been impeached with a prior statement and possibly an additional witness, in his Amended Answer.

<u>RECOMMENDATION</u>

It is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner BRYAN THOMAS BLEVINS in Cause No. 2:10-CV-154 be DISMISSED as duplicative pursuant to the Magistrate Judge's finding that said petition was intended as a Supplemental Petition in Cause No. 2:10-CV-0005.

<u>INSTRUCTIONS FOR SERVICE</u>

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of September, 2010.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).